UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1443 CHAPIN STREET, LP,<br><br>  Plaintiff,<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>  Defendant. | Civil Action No. 08-1532 (CKK) |

ORDER
(July 31, 2009)

Plaintiff, 1443 Chapin Street, LP, the owner and developer of a condominium project in the District of Columbia, brings this case against Defendant, PNC Bank, National Association. According to Plaintiff, it entered into a construction loan agreement with the Defendant bank to provide construction financing for Plaintiff's condominium project. Plaintiff alleges that Defendant wrongfully stopped funding the project in the middle of construction, thereby breaching the parties' agreement. Currently pending before the Court is Defendant's [3] Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiff filed an Opposition to Defendant's Motion, arguing, *inter alia*, that Plaintiff is entitled to discovery pursuant to Federal Rule of Civil Procedure 56(f). In support of its Opposition, Plaintiff submitted an affidavit from Steven F. Schwat, principal owner of the Plaintiff entity, 1443 Chapin Street, LP (hereinafter "Schwat Aff."). Defendant subsequently filed a Reply. In addition, the parties have filed several related motions that are also now ripe for review, specifically: (1) Plaintiff's [15] Motion for Leave to File a Sur-Reply with respect to Defendant's Motion to Dismiss, or in the Alternative,

for Summary Judgment, which Defendant opposes; (2) Defendant's [14] Motion to Strike Portions of the Schwat Affidavit submitted by Plaintiff in support of its Opposition to Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment; and (3) Defendant's [19] Motion to Strike the Affidavits of Paul B. Krough and Steven E. Cox submitted by Plaintiff in connection with its Opposition to Defendant's Motion to Strike Portions of the Schwat Affidavit. Upon a searching review of the parties' submissions, applicable case law, and the entire record of the case herein, the Court shall GRANT Plaintiff's request to take discovery pursuant to Rule 56(f), DENY WITHOUT PREJUDICE Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, DENY Plaintiff's Motion to File a Sur-Reply, and DENY Defendant's two Motions to Strike, for the reasons that follow.

## LEGAL STANDARD AND DISCUSSION

Defendant has moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment. It is well established that when, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendant has submitted and relies extensively upon multiple affidavits and exhibits in support of its motion. Accordingly, the Court treats Defendant's motion as one for summary judgment pursuant to Rule 56.

As the D.C. Circuit has consistently cautioned, summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Under Federal Rule of Civil Procedure 56(f),

a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981). "[T]he purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." *Dickens v. Whole Foods Market Group, Inc.*, Civ. No. 01-1054, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)). The district court has discretion in determining whether it should permit additional discovery before the motion for summary judgment is resolved. *Stella v. Mineta*, 284 F.3d 135, 147 (D.C. Cir. 2002).

In this case, Defendant's motion for summary judgment was filed prior to discovery. Plaintiff, in responding to Defendant's motion, has identified potential discovery that is needed to oppose Defendant's motion for summary judgment, including (but not limited to): factual and expert discovery relating to the accuracy and validity of the appraisal relied upon by Defendant in its motion; the value of the property at issue during the time period relevant to this case; the reasonableness of Defendant's conduct in declaring a non-monetary default without notice or opportunity to cure; and the timing of Defendant's decision that Plaintiff was in default and what information Defendant was aware of at that time. *See* Pl.'s Opp'n at 36-40 & Att. 3 (Schwat Aff.) ¶ 59. Based on Plaintiff's representations in both its Opposition and in the Schwat Affidavit, the Court agrees that resolution of Defendant's motion for summary judgment is premature at this time because discovery has not yet been conducted and Defendant's motion

involves a number of detailed, disputed factual questions.

Defendant's arguments to the contrary are without merit. Somewhat ironically, Defendant principally argues that summary judgment in its favor is appropriate because Plaintiff has "fail[ed] to produce admissible evidence," instead submitting an "Opposition and supporting papers [that] are rife with hearsay, unqualified opinions and otherwise unsubstantiated claims." Def.'s Reply at 1-2. Of course, it would be premature to grant Defendant's motion for summary judgment on those grounds, as Plaintiff has not yet had the opportunity to uncover the necessary factual support for its arguments against summary judgment. Indeed, Defendant, in moving for summary judgment, has relied heavily on various affidavits by Defendant's own officers and by individuals whom Defendant hired to conduct appraisals of the property at issue. *See generally* Def.'s MSJ. Plaintiff is entitled to test the assertions made in those affidavits through discovery before being forced to respond to Defendant's motion. *Klayman v. Judicial Watch, Inc.*, Civ. Act. No. 06-670, 2007 WL 1034937, *12 (D.D.C. Apr. 3, 2007).

In addition, Defendant contends that the Schwat Affidavit submitted in support of Plaintiff's request for discovery pursuant to Rule 56(f) is insufficient.[1] Def.'s Reply at 11-12. A

---

[1] As mentioned above, Defendant has also separately filed a motion to strike portions of the Schwat Affidavit. *See* Def.'s Mot. to Strike Schwat Aff., Docket No. [14]. Defendant suggests that certain paragraphs of the affidavit are inadmissible because Schwat lacks personal knowledge and/or is not qualified to render opinions as to certain subjects and that certain paragraphs also contain inadmissible hearsay. *Id.* ¶¶ 5-8. Although the Court agrees that certain parts of the Schwat Affidavit do not conform with Rule 56's requirement that affidavits in support of motions for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated," the Court does not agree that *all* of the material contained in the paragraphs identified by Defendant is inadmissible. For present purposes, then, the Court will simply disregard the non-complying portions of Schwat's Affidavit. *See Williams v. Dodaro*, 576 F. Supp. 2d 72, 78, n.2 (D.D.C. 2008). Accordingly, Defendant's [14] Motion to Strike the Schwat Affidavit is DENIED.

party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Washington*, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); *but see First Chicago Int'l*, 836 F.2d at 1380 (holding that filing an affidavit is not essential to preserve Rule 56(f) contention as long as the district court was alerted to the need for further discovery). The party seeking additional discovery bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency*, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). It must also show a reasonable basis to suggest that discovery might reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n*, 174 F.3d 231, 237 (D.C. Cir. 1999). Plaintiff has certainly met these standards. In this case, Plaintiff has not only submitted the Schwat Affidavit in support of its Opposition to Defendant's motion for summary judgment, but it has also repeatedly emphasized throughout its Opposition its need to take discovery with respect to specific issues raised by Defendant that are material to resolution of the pending motion for summary judgment. The Court is persuaded that Plaintiff's filings, fairly read, sufficiently demonstrate that the Court lacks a full record containing all facts material to Plaintiff's claims that would permit it to make a fully informed decision on the merits of Defendant's motion and that Plaintiff has not been afforded a sufficient opportunity to test the Defendant's claims and supporting evidence.

Finally, Defendant asserts that a plaintiff may only invoke Rule 56(f) to obtain fact discovery, and not to obtain expert opinion discovery. Defendant thus argues that, to the extent Plaintiff contends it needs additional time to obtain expert discovery, Plaintiff has not demonstrated that relief under Rule 56(f) is appropriate. Def.'s Reply at 11-12. Significantly,

Defendant cites no case law for this interpretation of Rule 56(f), and the Court is not so persuaded. Regardless, it is readily apparent that many, if not all, of the material *facts* relied upon by Defendant in its motion for summary judgment are in dispute and that Plaintiff has sufficiently demonstrated that it needs additional time to uncover *facts* essential to the merits of its claim. Accordingly, the Court shall GRANT Plaintiff's request for discovery under Rule 56(f) and shall DENY Defendant's Motion for Summary Judgment without prejudice.

Given this conclusion, the Court easily resolves the two remaining motions now before it, namely, Plaintiff's [15] Motion for Leave to File a Sur-Reply and Defendant's [19] Motion to Strike the Affidavits of Paul B. Krough and Steven F. Cox. First, as is evident from the Court's decision above, the briefing related to Plaintiff's request for Rule 56(f) discovery is sufficient for the Court to resolve the issue, and the Court therefore shall DENY Plaintiff's Motion for Leave to File a Sur-Reply. Second, as should also be clear from the above discussion, the Court has not relied upon or considered either the Krough Affidavit or the Cox Affidavit submitted by Plaintiff in reaching its conclusions. Rather, the Court finds that Plaintiff's Opposition and the Schwat Affidavit are themselves sufficient to demonstrate that resolution of Defendant's Motion for Summary Judgment at this time is premature. Accordingly, there is no need to strike the materials, as the affidavits were not relied upon by the Court, and the Court shall therefore DENY Defendant's Motion to Strike.

## CONCLUSION

For the reasons above, the Court shall GRANT Plaintiff's request to take discovery pursuant to Rule 56(f) and DENY WITHOUT PREJUDICE Defendant's [3] Motion for Summary Judgment. In addition, the Court shall DENY Defendant's [14] Motion to Strike

Portions of the Schwat Affidavit, Plaintiff's [15] Motion for Leave to File a Sur-Reply, and Defendant [19] Motion to Strike the Krough and Cox Affidavits.  An appropriate Order accompanies this Memorandum Opinion.

Date:   July 31, 2009

                                                    /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge