# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| 1443 CHAPIN STREET, LP,<br><br>    Plaintiff/Counter-Defendant<br><br>v.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>    Defendant/Counter- and Third-Party Plaintiff<br><br>v.<br><br>STEVEN F. SCHWAT,<br><br>    Third-Party Defendant. | Civil Action No. 08-1532 (CKK) |

# MEMORANDUM OPINION
(June 21, 2010)

Plaintiff, 1443 Chapin Street, LP, ("Chapin Street"), the owner and developer of a condominium project in the District of Columbia, brings this case against Defendant, PNC Bank, National Association ("PNC"). As set forth in the Complaint, Chapin Street alleges that it entered into a construction loan agreement with PNC to provide construction financing for its condominium project. According to Chapin Street, PNC breached the parties' agreement when it wrongfully stopped funding the project in the middle of construction. PNC disputes these claims, arguing that Chapin Street was in default of the loan and that PNC properly withheld funding under the terms of the parties' agreement. PNC has filed a Counterclaim against Chapin Street on the basis of Chapin Street's alleged breach and seeks all monies allegedly owed by Chapin Street under the parties' contract. In addition, PNC has filed a Third-Party Complaint against

Third-Party Defendant Steven F. Schwat, whom PNC asserts executed an absolute and unconditional guaranty of payment for Chapin Street's debts in connection with the loan agreement, seeking to enforce the terms of Schwat's guaranty.

Presently before the Court are two motions, both of which relate to PNC's Third-Party Complaint against Schwat. First, Third-Party Defendant Schwat has filed a [29] Motion to Dismiss for Improper Venue or, in the Alternative, to Abstain Under the *Colorado River* Doctrine ("Motion to Abstain"). Schwat's Motion focuses solely on PNC's Third-Party Complaint against him; it does not address either Chapin Street's Complaint or PNC's Counterclaim against Chapin Street. In response, PNC filed a [43] Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 against Schwat and his attorneys, which is also now pending before the Court. PNC asserts that Schwat and his attorney should be sanctioned for filing the Motion to Abstain, which PNC contends is frivolous, unsupported by law, and was filed for an improper purpose. The Court has throughly considered the parties' Motions and supporting briefing, applicable case law, and the entire record of the case herein. For the reasons set forth below, the Court shall DENY WITHOUT PREJUDICE Schwat's [29] Motion to Dismiss for Improper Venue or, in the Alternative, to Abstain Under the *Colorado River* Doctrine and shall DENY PNC's [43] Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.

**I. BACKGROUND**

As discussed above, the above-captioned matter stems from a loan agreement entered into between Chapin Street and PNC and which was guaranteed by Third-Party Defendant Schwat. Chapin Street alleges that PNC breached the parties' agreement when it wrongfully stopped funding the project in the middle of construction. PNC counters that it rightfully withheld further

funding under the terms of the parties' agreement and that Chapin Street had defaulted on the loan. This dispute has fostered two separate civil actions — one in federal court and one in state court. The first action was filed by PNC against Schwat on June 13, 2008, in the Circuit Court for Baltimore County (the "Baltimore County Lawsuit"). The second is the instant action, filed by Chapin Street against PNC on August 5, 2008. The Court briefly discusses both below.

    *A.       The Baltimore County Lawsuit*

PNC filed the Baltimore County Lawsuit on June 13, 2008. Schwat's Mot. to Abstain, Docket No. [29], at 2; PNC's Mem. in Opp'n, Docket No. [32], at 3 & Ex. 2 (Baltimore County Lawsuit docket sheet). On December 3, 2008, PNC filed a motion for summary judgment arguing that it was entitled to payment on the guaranty. Schwat's Mot. to Abstain at 2; PNC's Mem. in Opp'n at 4-5 & Ex. 6. PNC's motion was denied by the Circuit Court on February 11, 2009. Schwat's Mot. to Abstain at 2; PNC's Mem. in Opp'n at 4-5 & Ex. 8. By that time, the instant action had been filed and was pending before this Court. Given the pendency of this litigation, PNC approached Schwat about the possibility of jointly stipulating to dismissal of the Baltimore County Lawsuit without prejudice so that PNC's claims against Schwat could be re-brought as a third-party complaint in this Court. *See* PNC's Mem. in Opp'n at 5 & Ex. 9. The parties were unable to reach agreement on the issue, however, and PNC proceeded to file a Motion to Dismiss its claims against Schwat without prejudice, which Motion was opposed by Schwat. *See* Schwat's Mot. to Abstain at 2-3; PNC's Mem. in Opp'n at 5-6 & Exs. 10-11. PNC's Motion to Dismiss was also denied by the Circuit Court. PNC's Mem. in Opp'n, Ex. 12. A bench trial was subsequently held in February 2010, and the Court has been advised that the post-trial briefs have been submitted and closing arguments have been (or will soon be)

completed. *See* Notice, Docket No. [47]. No final decision has yet been issued.

    B.    *The Instant Lawsuit*

Chapin Street initially filed this action in the Superior Court for the District of Columbia on August 5, 2008. The case was subsequently removed to this Court by PNC on the basis of diversity jurisdiction on September 3, 2008. *See* Notice of Removal, Docket No. [1]. As discussed above, Chapin Street's Complaint in this action alleges that it entered into a construction loan agreement with PNC to provide construction financing for a condominium project and that PNC breached that agreement when it wrongfully stopped funding the project in the middle of construction. *See id.*, Ex. A ("Complaint"). Shortly after the case was removed and before discovery had yet commenced, PNC filed a Motion to Dismiss or for Summary Judgment. *See* Docket No. [3]. Chapin Street opposed the Motion, arguing in relevant part that it was entitled to discovery pursuant to Federal Rule of Civil Procedure 56(f). *See* Docket No. [12]. By Memorandum Opinion and Order dated July 31, 2009, the Court granted Chapin Street's request for discovery and denied without prejudice PNC's motion for summary judgment. *See Chapin Street v. PNC Bank*, 258 F.R.D. 186 (D.D.C. 2009).

As required, PNC then filed its Answer to the Complaint. In addition, PNC simultaneously filed a Counterclaim against Chapin Street for monies allegedly owed under the parties' contract and also filed a Third-Party Complaint against Schwat. *See* [24] Answer, Counterclaim, and Third-Party Complaint. PNC asserts that Schwat executed an absolute and unconditional guaranty of payment for Chapin Street's debts in connection with the loan. *See id.* The parties agree that the allegations at issue in PNC's Third-Party Complaint are identical to those at issue in the Baltimore County Lawsuit. *See* Am. Jt. Fed. R. Civ. P. 26(f) and LCvR

4

16.3(d) Report, Docket No. [25], at p. 3, ¶ 2 ("This Third-Party Complaint raises the identical claims as an action brought by PNC against Schwat in the Circuit Court for Baltimore County, Maryland in June 2008 (Case No. 03-C-08-006454).").

An Initial Scheduling Conference was held on September 3, 2009, at which time the Court set a discovery schedule. *See* Sept. 3, 2009 Order, Docket No. [28]. The Court subsequently referred this case to Magistrate Judge John M. Facciola for all pretrial management purposes (except for resolution of any dispositive motions that may be filed by the parties) pursuant to Local Civil Rule 72.2(a). *See* Referral Order, Docket No. [33]. Several discovery-related motions remain pending and are currently under consideration by Magistrate Judge Facciola. The parties are scheduled to appear before this Court for a status hearing on June 22, 2010, and separately before Magistrate Judge Facciola for an evidentiary hearing related to the discove issues on that same date. No dispositive motions schedule has yet been set.

C. *The Pending Motions*

During the course of the September 3, 2009 Initial Scheduling Conference, Schwat's counsel raised concerns regarding the propriety of proceeding with the litigation of PNC's Third-Party Complaint given the identical lawsuit filed by PNC in the Baltimore County Circuit Court. *See* Transcript of Sept. 3, 2009 Initial Schedule Conference ("Tr.") at 11:15-12:8. Counsel advised that he believed the parallel proceedings were inappropriate and that he anticipated filing a motion on the issue. *See id.* The Court suggested that the parties confer in an effort to resolve Schwat's concerns regarding the parallel proceedings without the need for briefing. *See id.* at 17-2-6, 19-24. No such agreement was reached, however, and Schwat filed the now-pending Motion to Abstain. *See* Schwat's Mot. to Abstain, Docket No. [29]. Schwat contends that this Court

5

should stay or dismiss PNC's Third-Party Complaint against him in light of the Baltimore County Lawsuit, which involves the identical claims.[1] *See id.* PNC has filed an Opposition to the Motion. *See* PNC's Opp'n, Docket No. [32]. Schwat declined to file a reply.

Several months after briefing on Schwat's Motion to Abstain had been completed but before the Court had yet ruled on the motion, PNC filed the now-pending Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. *See* PNC's Mot. for Sanctions, Docket No. [43]. As set forth therein, PNC contends that the pending Motion to Abstain is "frivolous, unsupported by law and premised upon misleading factual representations" and was "undertaken in bad faith." *Id.*, Ex. 15 ("PNC's Mem.") at 2, 27. Schwat has filed an Opposition to PNC's Motion, *see* Schwat's Opp'n, Docket No. [52], and PNC a Reply, *see* PNC's Reply, Docket No. [53]. Accordingly, both motions are fully briefed and ripe for the Court's review and resolution.

## II. LEGAL STANDARDS AND DISCUSSION

### A. *Schwat's Motion to Abstain*

The Court turns first to consider Schwat's [29] Motion to Abstain. As the Supreme Court has made clear, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). For this reason, "[g]enerally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter

---

[1] Schwat also initially argued in his Motion to Abstain that the Third-Party Complaint should be dismissed for lack of venue. *See* Schwat's Mot. to Abstain at 3-5. Schwat has since voluntarily withdrawn this argument. *See* Schwat's Opp'n to PNC's Mot. for Sanctions, Docket No. [52], at 11, n. 4 & 29. Accordingly, in considering Schwat's Motion to Abstain, the Court shall address only Schwat's contention that abstention is appropriate under the *Colorado River* doctrine. *See id.*

in the Federal court having jurisdiction.'" *Id.* (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). The Supreme Court, however, has recognized that in "exceptional" circumstances, "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may permit the dismissal or stay of "a federal suit due to the presence of a concurrent state proceeding." *Id.* at 817-18 (internal quotation marks omitted). The Supreme Court emphasized that such circumstances are considerably limited and afford only a very narrow exception to the general rule that ongoing state litigation is not a bar to federal court proceedings on the same matter. *See id.*

The Supreme Court has identified several factors that inform a district court's discretionary decision whether to abstain from exercising its jurisdiction for reasons of wise judicial administration. As are relevant here, these considerations include (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, and (3) the order in which jurisdiction was obtained by and the progress of the litigation in the concurrent jurisdictions.[2] *Id.* at 818. In addition, courts should consider whether (4) the case involves federal or state law and (5) the inadequacy of the concurrent proceedings to protect the litigants' rights. *Moses H. Cones Memor'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 23-26 (1983); *see also Sheehan v. Koonz*, 102 F. Supp. 2d 1, 3 (D.D.C. 1999) (listing factors for consideration); *Johnston Lemon & Co., Inc. v. Smith*, 882 F. Supp. 4, 4 (D.D.C. 1995) (same). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of

---

[2] The Supreme Court in *Colorado River* also indicated that in cases involving *in rem* jurisdiction, courts should consider which court first assumed jurisdiction over the property at issue. *Colorado River*, 424 U.S. at 818. As this case does not involve *in rem* jurisdiction, this factor is irrelevant to the Court's inquiry.

7

the case." *Moses H. Cones*, 460 U.S. at 16.

The Supreme Court has counseled that "the decision whether to dismiss [or stay] a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* The Court's task "is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Id.* at 25-26. Upon consideration of the factors in this case and cognizant of the Court's "unflagging obligation" to exercise its jurisdiction absent extraordinary circumstances, the Court finds in its discretion that abstention is not warranted.

Turning to the factors outlined above, the Court finds that these considerations do not substantially weigh in favor of abstention. <u>First</u>, while the parties dispute whether Baltimore or the District of Columbia is more convenient for the other side — with Schwat arguing that Baltimore is more convenient for PNC and PNC arguing that the District is more convenient for Schwat — the Court finds that the this factor is of little import in this case given the relatively close proximity of Baltimore and the District. *Cf. Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 4 (D.D.C. 2006) ("because Maryland and the District of Columbia are in close proximity, the convenience of the parties would not be greatly affected whether this action remains in the District of Columbia or is transferred to Maryland").

<u>Second</u>, although the parallel proceedings arguably create a risk of piecemeal litigation, staying or dismissing the Third-Party Complaint, as Schwat requests, will do little to address that

8

concern. Chapin Street's Complaint, PNC's Counterclaim, and PNC's Third-Party Complaint all arise from the same transaction and appear to involve substantially overlapping questions of fact and law. The Baltimore County Lawsuit involves only PNC's claims against Schwat as the guarantor. Whether or not the Court abstains from exercising its jurisdiction over the Third-Party Complaint, the allegations at issue in Chapin Street's Complaint and in PNC's Counterclaim will remain before this Court. Resolution of these remaining claims will likely require the Court to decide many of the same factual and legal issues presently before the Baltimore County Circuit Court. As such, abstention will not substantially reduce or avoid the risk of piecemeal litigation and conflicting judgments.

Nonetheless, while piecemeal litigation may be unavoidable under the present circumstances, Schwat's concern that he may be subjected to conflicting judgments is mitigated by the parties' concession that any ruling issued in the Baltimore County Lawsuit would be *res judicata* as to Schwat and PNC. PNC's Opp'n at 21; Schwat's Opp'n at 23. As a practical matter, then, the parties have already agreed that any decision issued — whether by this Court or by the Baltimore County Circuit Court — will be binding on the relevant parties. Accordingly, while proceeding with litigation in both state and federal court could be considered inefficient, it is unlikely to create a substantial risk that Schwat will be subjected to conflicting decisions. *See Johns v. Rozet*, 770 F. Supp. 11, 15 (D.D.C. 1991) ("In analyzing the problem of piecemeal litigation, 'the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in [state[ court.'") (quoting *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 16 (1st Cir. 1990)).

9

Finally, neither party has alleged the presence of any particular policy concerns counseling against piecemeal litigation in this case. The Supreme Court was concerned with the avoidance of piecemeal litigation in *Colorado River* largely "because the litigation there involved a federal statute under which Congress had explicitly recognized the availability of state systems for the adjudication of water rights and had expressed a strong policy favoring resolution of those rights in a single, comprehensive forum." *Hoai v. Sun Refining & Marketing Co., Inc.*, 866 F.2d 1515, 1520 (D.C. Cir. 1989). No such concern is present in this case. On balance, then, the Court finds that this second factor does not weigh strongly either for or against abstention.

Third, the Baltimore County Lawsuit was filed first and has proceeded significantly further than litigation before this Court. Indeed, as indicated above, a bench trial on PNC's Complaint in the Baltimore County Lawsuit has already been held and post-trial briefing is now complete. Litigation in this case currently remains in the discovery phase. However, there may be no need to duplicate discovery as the discovery conducted for the Baltimore County Lawsuit can be used in the instant action. Therefore, this third factor is in equipoise. Moreover, the importance of this factor is mitigated in light of the particular circumstances of this case. Specifically, as noted above, there will likely be substantial overlap between the legal and factual issues involved in the Third-Party Complaint and in PNC and Chapin Street's remaining claims. Accordingly, although the Baltimore County Lawsuit has progressed significantly further than the litigation in this Court, abstention is unlikely to result in a more efficient use of judicial resources as the Court will likely need to resolve many of the same issues whether or not it stays or dismisses the Third-Party Complaint.

Fourth, the Court considers whether the case involves federal or state law. The instant

matter was removed to federal court on the basis of diversity jurisdiction. State law, not federal law, thus applies. The mere absence of federal law, however, does not counsel in favor of abstention, particularly where, as here, there are no complex or novel state law issues. *See Sheehan*, 102 F. Supp. 2d at 5 ("'The fact that there are no issues of federal law in the present case . . . does not . . demand the conclusion that abstention is appropriate [particularly as] [t]here is no indication that the sate-law issues raised in this case are particularly complex or unsettled.'") (quoting *Cottman Transmission Sys. v. Lehwald, Inc.*, 774 F. Supp. 919, 923 (E.D. Pa. 1991)); *see also Rozet*, 770 F. Supp. at 16 ("Although only state law will govern all claims in this lawsuit, the Court does not weigh that factor heavily against the exercise of its diversity jurisdiction" because "'[t]he court cannot abstain simply because state law is controlling.'") (quoting *Barron v. Spectrum Emergency Care, Inc.*, 619 F. Supp. 1011, 1015 (D.C. Ga. 1985)).

Fifth, with respect to the adequacy of the respective tribunals to protect the parties' rights, there is no question that both this Court and the Baltimore County Circuit Court are able to adequately protect the parties' rights relevant to PNC's allegations against Schwat. Accordingly, this factor is neutral.

In addition to the five factors outlined above, Schwat argues that PNC filed the Third-Party Complaint for improper purposes and that this further counsels in favor of abstention. Schwat's Mot. to Abstain at 9. Specifically, Schwat argues that PNC filed the Third-Party Complaint in this case in an apparent effort to "relitigate in a supposedly more favorable forum[] the adverse decision it received on its summary judgment motion in Maryland." *Id.* at 9. Courts in this jurisdiction have at times considered the vexatious nature of the federal or state litigation in determining whether abstention is warranted. *See, e.g., Rozet*, 770 F. Supp. at 16; *Sheehan*,

102 F. Supp. 2d at 5-6. The Court, however, does not find that there is sufficient evidence in the record supporting Schwat's claims that the Third-Party Complaint was filed for improper purposes.[3]

Accordingly, considering the factors on balance, "with the balance heavily weighted in favor of the exercise of jurisdiction," *Moses H. Cone*, 460 U.S. at 16, the Court finds in its discretion that abstention is not appropriate at this time. While proceeding with litigation of PNC's Third-Party Complaint may result in a duplicative and inefficient use of judicial resources, there is no indication that the circumstances in this case qualify as sufficiently "extraordinary" to justify this Court in declining its "virtually unflagging obligation" to exercise its jurisdiction. Moreover, given that the claims between Chapin Street and PNC — claims which would remain before this Court even if it were to stay or dismiss the Third-Party Complaint against Schwat — arise out of the same series of events underlying PNC's allegations against Schwat and likely involve substantially overlapping legal and factual questions, abstention in this case will do little to conserve judicial resources or encourage comprehensive disposition of the litigation, the principal concerns governing *Colorado River* abstention. For this reason, the Court shall DENY Schwat's [29] Motion to Abstain. It does so, however, without prejudice, such that Schwat may re-file the motion in the event that there is a ***significant*** change in circumstances that warrants

---

[3] Finally, the Court notes that Schwat, in an apparent reliance on two district court decisions from the Seventh Circuit, also asserts that the Court should consider an additional two factors — namely, the presence or absence of concurrent jurisdiction and the availability of removal. *See* Schwat's Mot. to Abstain at 6. It does not appear from the Court's own review of the relevant case law that courts in this Circuit have looked to either of these factors. Regardless, the Court finds that neither factor weighs significantly in favor of or against abstention in this case.

reconsideration of the decision herein.

       *B.*       *PNC's Motion for Sanctions*

The Court turns next to consider PNC's Motion for Sanctions. Rule 11 provides that in presenting to the Court a pleading, written motion, or other paper, an attorney certifies that the pleading or motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," that "the claims, defenses, and other legal contentions [therein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that "the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). Where a pleading or motion is filed in violation of the Rule, the Court may sanction the signatory attorney appropriately. Fed. R. Civ. P. 11(c).

The "central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Since the 1993 amendments, the language of Rule 11 indicates that the imposition of sanctions is left to the discretion of the district court judge. *See Rafferty v. Nynex Corp.*, 60 F.3d 844, 852 n.12 (D.C. Cir. 1995); Fed. R. Civ. P. 11(c) (noting that when the rule has been violated, a court *may* impose an appropriate sanction); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336 (2d ed. Supp. 2000) (commenting that the scope of the Advisory Committee's list of factors to consider when deciding whether or not to impose a sanction suggests that "the district court is given the widest

possible latitude under the new" version of Rule 11).[4]

PNC argues that Schwat's Motion to Abstain is "frivolous, unsupported by law and premised upon misleading factual representations" and was "undertaken in bad faith." PNC's Mem. at 2, 27. As is evident from review of PNC's Motion for Sanctions, these arguments are largely tied to the merits of Schwat's Motion to Abstain. Indeed, PNC's Motion for Sanctions consists almost entirely of the same substantive arguments it advanced in opposition to the Motion to Abstain, repeating the arguments in near verbatim form. Although, as discussed above, the Court finds that abstention is not warranted at this time, the Court cannot find that Schwat's Motion to Abstain, nor the factual and legal assertions therein, were presented for improper purposes, nor that they were so incredible as to warrant sanctions. On the contrary, as is evident from the Court's discussion above, Schwat's arguments in favor of abstention required careful consideration by the Court and were by no means frivolous. Similarly, although Schwat has since voluntarily withdrawn his argument, initially advanced in his Motion to Abstain, that the Third-Party Complaint should be dismissed for improper venue, the Court has reviewed the parties' briefing and finds that his legal and factual assertions on this issue are not so incredible as to warrant sanctions. The Court therefore finds, in its discretion, that there is no basis to award Rule 11 sanctions in this case.

---

[4] As Schwat points out in his Opposition, PNC, relying on case law interpreting the pre-1993 version of Rule 11, incorrectly suggests that the Court lacks discretion to determine whether sanctions are appropriate. *See* PNC's Mot. for Sanctions at 3. As indicated above, this assertion is in error.

## III. CONCLUSION

For the reasons above, the Court shall DENY WITHOUT PREJUDICE Schwat's [29] Motion to Dismiss for Improper Venue or, in the Alternative, to Abstain Under the *Colorado River* Doctrine and shall DENY PNC's [43] Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. An appropriate Order accompanies this Memorandum Opinion.

Date:   June 21, 2010

                                              /s/
                                      **COLLEEN KOLLAR-KOTELLY**
                                      United States District Judge